# Dreisbach *against* Berger.

In ejectment by a purchaser of unseated land, proof is not admissible by the oath of the treasurer that a bond for the surplus had been given and filed in the proper office, without preliminary evidence of search for the bond and its loss.

ERROR to the Common Pleas of *Monroe* county.

This was an action of ejectment brought by Jost Dreisbach against Peter Berger. The plaintiff gave in evidence a warrant to William Henry for 400 acres of land, dated 30th Dec. 1784, and a survey thereon 25th Dec. 1794, of 423 acres 33 perches. Assessment of taxes from list of unseated lands, showing county and State taxes on the said tract for 1832, 3, 4, 5. Total, $14.39. A deed dated 2d August 1836, from the treasurer of Northampton

[Dreisbach v. Berger.]

county, to Samuel Yohe, for the said tract, reciting a sale of it for taxes made on the 2d Monday of June 1836, consideration $40, and that the said sum of $40 had been paid by Yohe to the said treasurer in the manner provided by law. 15th Aug. 1836, record of acknowledgment in open court. Deed dated 14th November 1836, from Samuel Yohe and wife, to the plaintiff, for the same land.

The plaintiff then offered to prove by the oath of the county treasurer, that a bond for the surplus purchase money on the sale for taxes, had been given by Samuel Yohe, the purchaser, to him, and filed in the Prothonotary's office. The defendant objected, and the court rejected the evidence and sealed an exception.

The defendant produced no testimony. The court charged the jury as follows:

" The plaintiff's deed in this case showing that there was a surplus of purchase money beyond the amount of taxes and costs, he was bound to show that a bond for such surplus had been executed by Yohe, the purchaser, and without such bond having been executed, the title of the plaintiff was invalid. The giving bond for the surplus is a substantial part of the consideration of the deed. It is an act to be done by the purchaser in order to perfect his title, and until it is done he does not acquire such title as will enable him to recover. There being no evidence of such bond having been executed, the plaintiff is not entitled to recover, and the verdict must be for the defendant.

The plaintiff excepted to the charge.

Errors assigned :

1. The court erred in rejecting the evidence mentioned in the first bill of exceptions.

2. In charging that there was no evidence of a surplus bond having been given.

*Reeder*, for the plaintiff in error, referred to *White* v. *Willard*, (1 *Watts* 42) ; *Fager* v. *Campbell*, (5 *Watts* 288) ; *Robinson* v. *Williams*, (6 *Watts* 287) ; *Devinney* v. *Reynolds*, (1 *Watts & Serg.* 332).

*Ihrie* and *Porter* contra, cited *M'Donald* v. *Maus*, (8 *Watts* 364) ; *Connelly* v. *Nedrow*, (6 *Watts* 451) ; *Bartholemew* v. *Leech*, (7 *Watts* 472) ; *Sutton* v. *Nelson*, (10 *Serg. & Rawle* 239) ; *Adams* v. *Easton*, (6 *Watts* 456) ; *Addis.* 343 ; *M'Kee* v. *Reiff*, (4 Yeates 340) ; *Gray* v. *Pentland*, (2 *Serg. & Rawle* 31) ; *Vincent* v. *Huff*, (4 *Ibid.* 298) ; *Jones* v. *Hollopeter*, (10 *Ibid.* 326).

PER CURIAM.—The execution and delivery of a surplus bond is a constituent part of the title, and of course to be shown by the purchaser ; the filing of it is not. The delivery may be shown by the treasurer's receipt for the bond ; for the purchaser having done all that was incumbent on him, may repose on the official

[Dreisbach v. Berger.]

evidence of the act, which is part of the *res gesta*: and the same may be said of the recital of such a bond in the deed; for the acknowledgment of the officer is the same whether it appear in the body of the deed or in a receipt at the foot of it.   So far the decisions go.   Bnt the proof here stands, not on the principle of *res gesta*, but on the common law rule that the best evidence must be produced—of what?   Certainly of the contents of the bond; for it would not be enough to show that a bond was given, without showing that it was for the proper sum.   And what is the best evidence of that?   The bond itself, or an office copy of it in the first place, or proof of contents if it were lost or not to be had, in the second.   But proof of loss or inability to produce any thing better, must precede proof of contents.   Here the plaintiff offered to prove by the oath of the treasurer that a bond had been given and filed in the proper office.   Then why not produce it? There was no legal or physical impossibility in the way.   That the bond was on file in the office of the parent county, from which the county in which the action was pending had been struck off, might have been a reason for postponement to give time, but it was no reason to dispense with the preliminary proof.   The exception to the charge, resting as it does on the same ground, is also unfounded.

Judgment affirmed.